Filed 9/24/21  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C092130 |
| v. | (Super. Ct. No. 73394) |
| CLIFTON WILLIAMS, | |
| Defendant and Appellant. | |

In 1986 a jury found defendant Clifton Williams guilty of robbery and first degree murder after he snatched Emy Emiko Tanimoto's purse and pushed her down the stairs. We affirmed his convictions on appeal.  (*People v. Williams* (Jun. 25, 1987, C001524) [nonpub. opn.].)[1]  In 2019, defendant filed a petition for resentencing under Penal Code

---

[1] We previously took judicial notice of this court's prior opinion.  Having done so, we granted the parties the opportunity to file supplemental briefing to address it, because it was not found in the original record.  Defendant did not provide supplemental briefing and the People submitted a letter standing by their position in their responsive brief.

1

section 1170.95,[2] which the trial court denied after appointing counsel and ordering briefing. On appeal, defendant contends the trial court erred by relying on the record of conviction to deny the petition without first issuing an order to show cause and granting him an evidentiary hearing. We find no error and affirm the trial court's order.

BACKGROUND

To facilitate our review, we will state the relevant background facts from this court's opinion in defendant's previous appeal from the underlying conviction. (*People v. Williams, supra*, C001524.)

One evening in 1985, Tanimoto was found lying unconscious at the bottom of the stairs leading to her apartment in downtown Sacramento. She was found clutching a cloth strap in her hand, but there was no purse attached. One hour earlier, she had been walking home carrying a purse with a shoulder strap. Tanimoto died two weeks later due to head injuries and associated complications consistent with a severe fall from a stairway onto concrete.

Several days after Tanimoto's death, an informant told police that defendant told him that he had snatched an Asian woman's purse in the downtown area. Defendant said he had run down some stairs and grabbed her purse, but the woman held on to the purse and fell down the stairs. Defendant also said he took the purse, which contained money and credit cards. Tanimoto's purse was never found. Defendant later told the informant defendant had called the hospital and found out Tanimoto's condition was improving. Defendant said he was hiding out at a Sacramento residence. On the evening of the incident, authorities lifted prints from the railing of the stairs at the victim's apartment building that matched defendant's right palm print.

---

[2] Undesignated statutory references are to the Penal Code.

2

Defendant testified he was at the home of friends on the day of the incident. He denied killing the victim and denied making any of the statements that the informant said defendant had made. Defendant claimed that, at about 11:00 p.m. the night of the crime, he jogged near the victim's apartment building and touched the hand railing.

A jury found defendant guilty of robbery (§ 211) and first degree murder (§ 187, subd. (a)). The trial court found that defendant had a prior serious felony conviction (§§ 667, subd. (a)(1), 1192.7, subd. (c)). It sentenced defendant to five years, plus 25 years to life. This court affirmed the judgment on appeal. (*People v. Williams, supra*, C001524.)

In January 2019, defendant petitioned the trial court for resentencing under section 1170.95. In his petition, defendant declared that he was charged with and convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and that he could not now be convicted of first or second degree murder because of the changes made to sections 188 and 189, effective January 1, 2019. Defendant did not check the box declaring that he was not the actual killer.

The trial court appointed counsel for defendant and ordered briefing on the petition. The People opposed the petition, arguing in relevant part that defendant's petition failed because he was the actual killer and thus cannot obtain relief under section 1170.95. Defendant in turn argued that his petition stated a prima facie case, which entitled him to an order to show cause and an evidentiary hearing. Relying on the court file and this court's *Williams* opinion, the trial court denied the petition, finding defendant was the actual killer and acted alone. It noted that the jury found defendant guilty of first degree felony murder and that it was not instructed on any theory of accomplice liability or any lesser included offense of first degree murder. Thus, the trial court concluded that defendant failed to state a prima facie case for relief under section 1170.95 and denied the petition. Defendant appeals from that order.

DISCUSSION

Defendant argues that the trial court erred when it reviewed the record of conviction and then denied defendant's petition without issuing an order to show cause and conducting an evidentiary hearing. Relying on the First District Court of Appeal's opinion in *People v. Cooper* (2020) 54 Cal.App.5th 106 (*Cooper*), review granted November 10, 2020, S264684, defendant argues that the trial court was not permitted to review documents and engage in independent fact-finding at the initial prima facie stage. He avers that he was prejudiced by the trial court's review of the record prior to holding an evidentiary hearing, because he was unable to respond to the documents relied upon by the trial court. The People counter that the trial court properly denied the petition because he was ineligible for relief as the actual killer. They further contend that defendant was given sufficient due process under the law. We agree with the People.

A

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, . . . to ensure that murder liability is not imposed on a person *who is not the actual killer*, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f), italics added.) Senate Bill 1437 achieved these goals by amending section 188 to require that a principal act with express or implied malice (§ 188, as amended by Stats. 2018, ch. 1015, § 2), and by amending section 189 to state that a person can be liable for felony murder only if (1) "*[t]he person was the actual killer*"; (2) the person, with an intent to kill, was an aider or abettor "in the commission of murder in the first degree"; or (3) "[t]he person was a major participant in the underlying felony and acted with reckless indifference to human life . . . ." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3, italics added.)

4

Senate Bill 1437 also added section 1170.95 to provide the resentencing petition process for a "person convicted of felony murder or murder under a natural and probable consequences theory." (§ 1170.95, subd. (a).) After a defendant submits a petition and the court performs an initial review for missing information, subdivision (c) of section 1170.95 provides, in part: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

A defendant must show the following to make a prima facie showing that he/she falls within the provisions of section 1170.95: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder. [¶] [And] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

As recently explained by our Supreme Court in *People v. Lewis* (2021) 11 Cal.5th 952, 966 (*Lewis*), "section 1170.95, subdivision (c) does not envision a structure by which courts can make an initial determination without briefing and without the appointment of counsel. Instead, there is a much more logical interpretation of this provision, and it is the one we adopt here: a complying petition is filed; the court appoints

counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination."

B

While defendant contends that the trial court erred by considering the record of conviction to deny the motion without holding an evidentiary hearing, the Supreme Court has rejected this argument in *Lewis*. In *Lewis*, the court addressed whether a trial court may consider the record of conviction in determining if a defendant has made a prima facie showing of eligibility for relief under section 1170.95. It concluded that once a defendant files a facially sufficient petition, as described in subdivision (c), and is appointed counsel, " 'the court may – with the benefit of advocacy for both sides – consider the record of conviction at [the prima facie] stage.' " (*Lewis, supra*, 11 Cal.5th at pp. 970-971) A defendant's prior appellate opinion, *Lewis* notes, is part of the record of conviction. (*Id.* at p. 972.) Accordingly, we conclude it was proper for the trial court to consider the record of conviction to determine whether defendant made a prima facie showing that he fell within the provisions of section 1170.95.

*Lewis* also cautions that although the trial court may consider the record of conviction in its prima facie review, the prima facie inquiry is "limited" and the trial court may not, at that stage, engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.]" (*Lewis, supra*, 11 Cal.5th at p. 972.) Here, consistent with *Lewis*, the trial court properly relied on the record of conviction without making any impermissible findings of fact. Specifically, the trial court relied on this court's prior opinion, and the jury instructions, to find defendant ineligible for section 1170.95 relief as a matter of law because he was the actual killer.

Indeed, a review of this court's prior opinion shows that defendant actually killed the victim by pushing her down the stairs. In *Williams*, this court rejected defendant's sufficiency of the evidence claim, concluding "the jury could have inferred that defendant forcibly took the victim's purse from her, causing her to fall and sustain fatal injuries.

6

The jury properly could believe [the informant's] testimony and determine that defendant was lying. In sum, the evidence is sufficient to support the verdicts." (*People v. Williams, supra*, C001524, at pp. 7-8.) The trial court also correctly concluded the jury was instructed solely on a first degree felony-murder theory based on robbery murder, and was not instructed on any lesser included offenses or on an accomplice liability theory as to defendant. Thus, the record reflects that the jury found defendant was the actual killer. In fact, in line with the jury's verdict, defendant's form petition did not aver he was not the actual killer, and he is accordingly not eligible for relief.

Defendant's reliance on *Cooper, supra*, 54 Cal.App.5th 106, review granted, does not convince us otherwise. While *Lewis* now upholds *Cooper's* conclusion that a defendant is entitled to one prima facie review after briefing aided by counsel (*Lewis, supra*, 11 Cal.5th at pp. 962-967), the trial court here did, in fact, appoint counsel and receive briefing prior to conducting a prima facie review and denying the petition. Thus, the trial court met the procedural requirements set forth in *Cooper* and now upheld in *Lewis*.

Further, *Cooper* is factually distinguishable. In *Cooper*, the trial court relied on facts in the record that may not have formed the basis for his plea to deny the petition, thus engaging in improper judicial factfinding. (*Cooper, supra*, 54 Cal.App.5th at p. 108, review granted.) Here, in contrast, the jury made the factual finding, as set forth in the *Williams* opinion and based on the jury instructions, that defendant was the actual killer and was guilty of first degree murder. Thus, there is no question under these circumstances that defendant was not eligible for section 1170.95 prima facie relief.

Because defendant was the actual killer, defendant is ineligible for resentencing as a matter of law under section 1170.95. He simply does not come within the provisions of the statute. No further briefing or evidence could aid the court in reaching this conclusion. The trial court's denial of the petition was proper.

DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed.


_____/S/_____
MAURO, Acting P. J.



We concur:



_____/S/_____
HOCH, J.



_____/S/_____
KRAUSE, J.